# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02885

BISON DESIGNS, LLC,
a Colorado limited liability company,

      Plaintiff,

vs.

LEJON OF CALIFORNIA, INC.,
a California corporation,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

COMES NOW Plaintiff, Bison Designs, LLC, ("Plaintiff" or "Bison"), by and through its attorneys, Brown & Kannady, LLC, and states as follows:

## JURISDICTION

1. This is an action for trademark infringement, counterfeiting and false designation for unfair competition arising under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 et seq., 1125(a)(1)(A), and 15 U.S.C. § 1114(1)(a), and for related state and common law claims. The Court has subject matter jurisdiction over this case and the parties pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). The Court has personal jurisdiction over Defendant pursuant to Fed.R.Civ.P. 4(k)(1) and/or the Colorado Long Arm Statute, C.R.S. § 13-1-124, because, upon information and belief, Defendant conducts business in Colorado and sells its infringing products

in Colorado. The action includes common law claims over which this court has jurisdiction under 28 U.S.C. § 1338(b), in that said claims are joined with substantial and related claims.

## VENUE

2. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1391, on the grounds that the infringement, unfair competition, and other wrongful acts giving rise to these claims occurred in this judicial district, and on the grounds that the Defendant and its agents at all times material hereto have done business within this judicial district, specifically in the State of Colorado.

## THE PARTIES

3. Plaintiff, at all times pertinent to this Complaint, has been a limited liability company duly organized and existing under the laws of the State of Colorado with its principal place of business located at 735 S. Lincoln, Longmont, Colorado 80501. Plaintiff designs and sells promotional products throughout the United States of America.

4. Plaintiff is the registrant of "BISON®," protected by U.S. Trademark Registration No. 2824484 ("the "484 Registration"), which was registered on March 23, 2004.

5. Plaintiff is the registrant of "BISON®," protected by U.S. Trademark Registration No. 2790481 ("the "481 Registration"), which was registered on December 9, 2003.

6. Plaintiff is informed and believes, and based thereon alleges, that Defendant Lejon of California, Inc. ("Defendant" or "Lejon") is, and at all relevant times herein was, a California corporation duly organized and existing under the laws of the State of California with its principal place of business located at 1229 Railroad Street, Corona, California 92882, and that

Defendant's registered agent for service of process is John F. Shirinian, 1229 Railroad Street, Corona, California 92882.

**GENERAL ALLEGATIONS**

7. Beginning in or about 1994, Plaintiff, began to market, license, produce, and manage specific products in the United States of America as "Bison".

8. Beginning in or about August of 1999, and continuing to date, Plaintiff, adopted the mark "BISON" as a trademark in connection with key fobs and key chain holders made of aluminum, and have been doing business in the United States and abroad, using the mark in commerce and for adverting.

9. Beginning in or about January of 1989, and continuing to date, Plaintiff, adopted the mark "BISON" as a trademark in connection with pet supplies, namely collars, leashes and harnesses, back packs for dogs, luggage, belt packs, belt mounted water bottle holders, and have been doing business in the United States and abroad, using the mark in commerce and for adverting.

10. Beginning in or about August of 1996, and continuing to date, Plaintiff, adopted the mark "BISON" as a trademark in connection with bottle openers and fabric dog bowls, and have been doing business in the United States and abroad, using the mark in commerce and for adverting.

11. Beginning in or about August of 1988, and continuing to date, Plaintiff, adopted the mark "BISON" as a trademark in connection with belts and hats, and have been doing business in the United States and abroad, using the mark in commerce and for adverting.

12. Beginning in or about August of 1988, and continuing to date, Plaintiff, adopted the mark "BISON" as a trademark in connection with sporting equipment, namely, climbing chalk, sold individually and in bulk, climbing chalk dispensers, belt mounted chalk containers, and have been doing business in the United States and abroad, using the mark in commerce and for adverting.

13. Beginning in or about August of 1988, and continuing to date, Plaintiff, adopted the mark "BISON" as a trademark in connection with key fobs not made of metal, and have been doing business in the United States and abroad, using the mark in commerce and for adverting.

14. Plaintiff has acquired the right to the mark "BISON", both at the common law from and after said date and further by virtue of registration with the United States Patent and Trademark Office, including the 484 Registration, duly and legally issued to Plaintiff on March 23, 2004. A true copy of the 484 Registration is attached hereto as Exhibit A.

15. Plaintiff has acquired the right to the mark "BISON", both at the common law from and after said date and further by virtue of registration with the United States Patent and Trademark Office, including the 481 Registration, duly and legally issued to Plaintiff on December 9, 2003. A true copy of the 481 Registration is attached hereto as Exhibit B.

16. The 484 Registration and the 481 Registration are collectively the referred to as the "Bison Marks".

17. Plaintiff has extensively advertised and promoted the Bison Marks. Moreover, Plaintiff has invested substantial time, energy and resources to develop the Bison Marks. The Bison Marks are inherently arbitrary, fanciful, distinctive or suggestive, or have otherwise acquired secondary meaning in the relevant channels of trade to refer to Plaintiff.

18.     Plaintiff is informed and believes, and based thereon alleges, that Defendant is improperly using in commerce the mark "VINTAGE BISON" U.S. Trademark Registration No. 4618930, for leather bags, suitcases and wallets made of bison leather and of bison leather with other materials, belts for clothing made of bison leather, and in connection with the promotion, advertising, offering for sale and sale of such goods or other uses in commerce as an indicator of origin of goods.

19.     Plaintiff is informed and believes, and based thereon alleges, that Defendant is improperly using in commerce the mark  U.S. Trademark Serial No. 86417224, for leather bags and wallets, leather briefcases, leather cases, messenger bags, satchels, and belts, and in connection with the promotion, advertising, offering for sale and sale of such goods or other uses in commerce as an indicator of origin of goods.

20.     VINTAGE BISON and  are collectively referred to as the "Lejon Marks".

21.     In or about August 2014 at the Outdoor Retailer Trade Show and consistently thereafter, Plaintiff made Defendant aware of Defendant's infringement of Plaintiff's U.S. intellectual property rights.  Plaintiff requested Defendant discontinue using the Lejon Marks that infringe on the Bison Marks.

5

22. Plaintiff is informed and believes, and based thereon alleges, that thereafter and since September 29, 2014, Defendant did not and has not discontinued using the Lejon Marks.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendant, after receiving Plaintiff' written notice, in which Defendant was notified of Plaintiff's intellectual property rights, Defendant continues to sell, display and/or distribute infringing and/or potentially infringing products.

24. Plaintiff is informed and believes, and based thereon alleges, that Defendant is willfully selling, displaying and/or distributing the infringing products in derogation of Plaintiff's intellectual property rights.

25. Plaintiff is informed and believes, and based thereon alleges, that Defendant's use of the Lejon Marks is likely to cause consumer confusion as to the source of Defendant's products or as to the sponsorship or approval of such products.

26. Upon information and belief, Defendant has actual knowledge of Plaintiff's notice of registration with the U.S. Patent and Trademark Office.

## **FIRST CLAIM FOR RELIEF**

**(Trademark Counterfeiting)**

27. Plaintiff realleges and incorporates by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

28. Plaintiff is informed and believes and based thereon alleges that Defendant has used in commerce a counterfeit of the Bison Marks in connection with the sale, offering for sale, and advertising of its goods, which use is likely to cause confusion, or to cause mistake, or to deceive, thereby constituting counterfeiting of the Bison Marks.

29. As a proximate result of Defendant's above-described conduct, Plaintiff is informed and believes, and based thereon alleges, that it has been damaged in an amount to be determined at trial.

30. The above described acts of Defendant have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendant will continue to do so unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement)

31. Plaintiff realleges and incorporates by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

32. Plaintiff is informed and believes and based thereon alleges that Defendant has created a likelihood of confusion with the Bison Marks in the relevant marketplace to Plaintiff's damage, thereby constituting infringement of Plaintiff's registered marks.

33. As a proximate result of Defendant's above-described conduct, Plaintiff is informed and believes, and based thereon alleges, that it has been damaged in an unascertained amount.

34. At all material times, Defendant acted in bad faith, oppressively and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble damages against Defendant in an unascertained amount.

35. The above described acts of Defendant have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendant will continue to do so unless enjoined by this Court.

36. Plaintiff has incurred, and will continue to incur, attorneys' fees and court costs arising from the acts of Defendant alleged herein. Plaintiff seeks the recovery of attorneys' fees and costs as the prevailing party in this action.

### THIRD CLAIM FOR RELIEF

**(Unfair Competition)**

37. Plaintiff realleges and incorporates by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

38. The acts of Defendant, as alleged herein, constitute unfair or fraudulent business practices that are damaging to the public in violation of Section 1125(a) of the Lanham Act.

39. As a direct and proximate result of the aforesaid conduct, and as a foreseeable consequence thereof, Plaintiff has sustained damages in an amount that will be proven at the time of trial.

40. Plaintiff has incurred, and will continue to incur, attorneys' fees and court costs arising from the acts of Defendant as alleged herein. Plaintiff seeks the recovery of attorneys' fees and costs as the prevailing party in this action.

41. Plaintiff is informed and believes, and based thereon alleges, that the actions of the Defendant were willful and malicious and done with the intent to injure Plaintiff. Therefore, Plaintiff is entitled to recover, and hereby requests, exemplary damages from Defendant.

42. The wrongful acts of Defendant, as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to Plaintiff, its reputation, and goodwill. Plaintiff has no adequate remedy at law for the injuries that have been, and will continue to be, sustained in this action.

## FOURTH CLAIM FOR RELIEF

### (Accounting)

43. Plaintiff realleges and incorporates by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

44. Plaintiff is informed, believes, and based thereon alleges, that Defendant has used products which directly infringe on the Bison Marks. The infringement by Defendant has deprived Plaintiff of sales and/or royalties, which it otherwise would have made and resulted in the unjust enrichment of Defendant at the expense and to the detriment of Plaintiff, among other damage. Defendant's actions have resulted in improper profits, revenues, and other financial gains to Defendant for which Plaintiff, in equity and good conscience, is rightfully entitled to reimbursement.

45. Plaintiff does not know the amount of revenue and profits realized by Defendant, which information is uniquely within the knowledge of Defendant. Plaintiff is, therefore, entitled to an accounting, at Defendant's expense, to determine the amount of profits Defendant has unjustly obtained by its acts of infringement.

## FIFTH CLAIM FOR RELIEF

### (For Injunctive Relief)

46. Plaintiff realleges and incorporates by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

47. By reason of the wrongful acts and unlawful conduct as hereinabove alleged, Defendant has infringed and continues to infringe the Bison Marks by using in commerce the

Lejon Marks in connection with the promotion, advertising, offering for sale and sale for goods and services or other use in commerce as an indicator of origin of goods.

48. Unless and until so enjoined and restrained by order of this Court, Defendant will continue to cause great and irreparable harm and damage to Plaintiff. Plaintiff has no adequate remedy at law for the damages it will suffer should Defendant be permitted to continue the wrongful conduct alleged herein. Without injunctive relief, it will be extremely difficult and impracticable to ascertain the exact amount of damages that Plaintiff will sustain as a result of Defendant's continuing infringing conduct.

## SIXTH CLAIM FOR RELIEF

### (For Constructive Trust)

50. Plaintiff realleges and incorporates by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

51. All revenue and profits that Defendant has wrongfully and unjustly obtained and continues to obtain as a result of its acts of infringement are subject to an equitable lien and constructive trust for the benefit of Plaintiff. Plaintiff, therefore, requests that this Court impose a constructive trust on the proceeds of the use of any infringing products, wrongfully in the hands of Defendant, and the portion thereof which are in the hands of others, whether or not Defendants herein, in order to preserve said proceeds for Plaintiff.

## PRAYER FOR RELIEF

### On The First Claim for Relief

WHEREFORE Plaintiff prays for judgment as follows:

1.  That Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendant, and each of them, be preliminarily and permanently enjoined from using Plaintiff' service mark depicted in Exhibits A and B or any colorable imitation thereof;

2.  That Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged and that the amount of the damages for the counterfeiting of the Bison Marks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117; or in the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Bison Marks; and its reasonable attorneys' fees and costs;

3.  For interest at the maximum legal rate on all damages from the date first incurred until paid, if applicable;

4.  For such and other further relief that the court deems just and proper;

### On The Second Claim for Relief

5.  That Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendant, and each of them, be preliminarily and permanently enjoined from: (a) using Plaintiff's trademark as depicted or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in any way similar to the Bison Marks, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's products or their connectedness to Defendant;

6. That, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein;

7. That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to Plaintiff for any and all profits derived from its illegal acts complained of herein;

8. That the Defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all labels, signs, prints, advertising, websites, promotional material or the like in possession, custody or under the control of Defendant bearing a trademark found to infringe the Bison Marks, as well as all plates, matrices, and other means of making the same;

9. That the Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

10. That the Court grant Plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law;

11. For such and other further relief that the court deems just and proper;

### On The Third Claim for Relief

12. For restitution of all revenue and profits from Defendant's unfair business practices;

13. For the recovery of attorneys' fees and costs;

14. For exemplary damages;

15. For injunctive relief in the form of a preliminary and permanent injunction enjoining Defendant from engaging in future acts of consumer confusion and unfair or deceptive business practices;

### On The Fourth Claim for Relief

16. For an accounting of all profits derived from Defendant's infringement of the Bison Marks, at Defendant's expense;

### On The Fifth Claim for Relief

17. For injunctive relief in the form of a preliminary and permanent injunction, enjoining Defendant from: (a) using the Bison Marks or any colorable imitation thereof; (b) using any trademark or service mark that imitates or is confusingly similar to or in any way similar to the Bison Marks, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff' products or their connectedness to Defendant;

### On The Sixth Claim for Relief

18. For imposition of a constructive trust on all revenues and profits from Defendant's infringement of the Bison Marks;

### On All Claims for Relief

19. For attorneys' fees, costs, expert witness fees, and pre- and post-judgment interest as permitted by law;

20. Punitive damages as provided by law; and

21. For such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted this 22nd day of October, 2014.

**BROWN & KANNADY, LLC**

By: s/ Scott T. Kannady
Scott T. Kannady, No. 29995
David J. Meretta, No. 44409
Brown & Kannady, LLC
2000 S. Colorado Blvd., Suite 2-610
Denver, CO 80222
Phone:  (303) 757-3800
Fax:  (303) 757-3815
E-mail: scott@brownlegal.com
E-mail: david@brownlegal.com

ATTORNEYS FOR PLAINTIFF BISON DESIGNS, LLC
735 S. Lincoln St.
Longmont, CO 80501

14