<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE DISTRICT OF COLORADO</u>

Civil Action No.:  14-cv-02885-MSK-NYW

BISON DESIGNS, LLC

Plaintiff,

v.

LEJON OF CALIFORNIA, INC.

Defendant.

---

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY**
**SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**

---

<u>Upon consideration of the contents of this instant Stipulated Protective Order for Litigation</u>
<u>Involving Highly Sensitive Confidential Information and/or Trade Secrets, IT IS ORDERED:</u>

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Order does not entitle them to file confidential information under seal; and that they must be follow the standards otherwise required by this Court that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

    2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things which meets all of the following criteria, and has been reviewed by counsel of record and designated in good faith pursuant to Fed. R. Civ. P. 26(g): (i) the material is not already in the possession of the receiving party or otherwise available to the receiving party without confidentiality limitations, (ii) it has not been produced to any third party without similar confidentiality limitations being imposed, (iii) it is not known or reasonably discernible to the public at large through literature, publications or otherwise, and (iv) it either (a) constitutes a trade secret of the producing party (or a nonparty under common control of a Party or an entity having control over a Party), as defined under the Uniform Trade Secret Act, or it (b) contains proprietary information which, although not a trade secret, includes confidential research, development, or commercial information including customer, supplier, and distributor information, sales, profits, and profit margins, which if disclosed to a third party would likely cause the producing party to either lose a significant competitive advantage or incur a significant competitive disadvantage and (c) is protectable pursuant to Fed. R. Civ. P. 26(c)(1)(G).

    2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4    Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

    2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    2.6    Disclosure or Discovery Material: all items or information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive information (regardless of how it is generated, stored or maintained) or tangible things which meets all of the criteria under this Order to be "CONFIDENTIAL" Information or Items, and which (i) includes corporate strategy which would likely be detrimental if divulged to the employees of the other parties, (ii) which provides pricing or cost data, sales, and/or profits of such party, or (iii) which provides information regarding customer, distributor, or supplier information or (iv) involves currently pending competitive projects being pursued by a party which have not been subject to any disclosure beyond that party and which are maintained in secrecy, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means and has been reviewed by counsel of record and designated in good faith pursuant to Fed. R. Civ. P. 26(g). Such  extremely sensitive information (regardless of how it is generated, stored or maintained) or tangible things may be subjected to a higher level of confidentiality and may be designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" ("Attorneys' Eyes Only Material"), with the appropriate information contained with the document so marked.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or

structure of software or hardware designs, which meets all of the criteria under this Order to be "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and who have not appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.14    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, Outside Counsel and Outside Counsel of Record (and their support staffs).

2.15    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.16    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17    Protected Material: any Disclosure or Discovery Material that is designated as

"CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

      2.18   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a  Producing Party.

3.    <u>SCOPE</u>

      The protections conferred by this Stipulation and Order cover not only Protected Material  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.   However, the protections conferred by this Order do not cover the following information: (a) any  information that is in the public domain at the time of disclosure to a Receiving Party or becomes  part of the public domain after its disclosure to a Receiving Party as a result of publication not  involving a violation of this Order, including becoming part of the public record through trial or  otherwise; ~~and~~ (b) any information known to the Receiving Party prior to the disclosure or  obtained by the Receiving Party after the disclosure from a source who obtained the information  lawfully and under no obligation of confidentiality to the Designating Party<u>; and (c) any information used by the Parties in filings made with the court, to the extent that such filings are not ordered restricted by the court pursuant to D.C.COLO.LCivR 7.2.  Nothing in this Order requires the court to restrict any pleading or paper, even if information from a restricted documents is contained therein.</u>

      This Order does not apply to the use of any Confidential or Attorneys' Eyes Only Material at trial or in any hearing otherwise conducted in open court. Any designation of materials as Attorneys' Eyes Only Material will automatically be discontinued and become ineffective following the Trial Preparation Conference or deadline to designate trial exhibits, whichever date is sooner, with respect to any material designated by the parties as a trial exhibit, and with respect to any materials used, presented, or referenced during trial of this matter. To the  extent that a party wishes to close the court for consideration of Confidential or Attorneys'

Eyes  Only Material during the trial of this action or in a hearing before the Court, the party

must  follow the procedures for such a closure request under D.COLO.LCivR 7.2. The fact that

certain  information has previously been marked Confidential or Attorneys' Eyes Only Material

shall not be controlling with respect to whether the courtroom will be closed for a hearing or at

trial. To  the extent a party who has received material that has been designated Confidential or

Attorneys'  Eyes Only Material intends to use such material at trial or in a hearing that would

otherwise be  open to the public, the receiving party shall so notify the party who designated the

material as  Confidential or Attorneys' Eyes Only Material so that the producing party may

determine  whether it wishes to move to close the court under D.COLO.LCivR 7.2. Nothing in

this Order obligates the court to close the court, even if some of the information to be discussed

has been designated Confidential or Attorneys' Eyes Only Material.

4.      DURATION

        Even after final disposition of this litigation, the confidentiality obligations imposed by

this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

action, including the time limits for filing any motions or applications for extension of time

pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

        5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party

or Non-Party that designates information or items for protection under this Order must take care

to limit any such designation to specific material that qualifies under the appropriate standards.

As discussed above, any document designated as Confidential must be reviewed by an attorney

and must be based on  a good faith belief that the information is confidential or otherwise

entitled to protection, under   Fed. R. Civ. P. 26(c)(1)(G) and as set forth in *Gillard v. Boulder*

*Valley School District*, 196 F.R.D. 382 (D. Colo. 2000).  To the extent it is practical to do so, the

Designating Party must  designate for protection only those parts of material, documents, items,

or oral or written  communications that qualify – so that other portions of the material, documents, items, or  communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation and the Parties must confer in good faith regarding the propriety of the designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation of Confidential information must be made by an attorney either: (1) by stamping, placing, or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with its legibility, or (2) by providing to the Receiving Party a summary document which specifically identifies and  incorporates by reference the Bates Numbers of all documents that are to be deemed "CONFIDENTIAL."said summary document may be updated by the Producing Party upon written notice to all Parties.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or hearings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

(e.g., by making appropriate markings in the margins) and must specify, for each portion, the

level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection

need not designate them for protection until after the inspecting Party has indicated which

material it would like copied and produced. During the inspection and before the designation, all

of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

copied and produced, the Producing Party must determine which documents, or portions thereof,

qualify for protection under this Order. Then, before producing the specified documents, the

Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected

Material. If only a portion or portions of the material on a page qualifies for protection, the

Producing Party also must clearly identify the protected portion(s) (e.g., by making

appropriate markings in the margins) and must specify, for each portion, the level of protection

being asserted.

(b) for testimony given in deposition or hearings , that the Designating Party

identify on the record, before the close of the deposition, hearing, or other proceeding, all

protected testimony and specify the level of protection being asserted. When it is impractical to

identify separately each portion of testimony that is entitled to protection and it appears that

substantial portions of the testimony may qualify for protection, the Designating Party may

invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to

have up to 21 days to identify the specific portions of the testimony as to which protection is

sought and to specify the level of protection being asserted. Only those portions of the testimony

that are appropriately designated for protection within the 21 days shall be covered by the

provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at

the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation  of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality with the ~~Magistrate Judge~~ the court within 21 days of the initial notice of challenge or within 14 days of the parties  agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant  has complied with the meet and confer requirements imposed in the preceding paragraph. Failure   by the Designating Party to make such a motion including the required declaration within 21  days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each   challenged designation. In addition, the Challenging Party may file a motion challenging a  confidentiality designation at any time if there is good cause for doing so, including a challenge  to the designation of a deposition transcript or any portions thereof. Any motion brought  pursuant to this provision must be accompanied by a competent declaration affirming that the  movant has complied with the meet and confer requirements imposed by the preceding  paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) ) the Receiving Party's Outside Counsel or Outside Counsel of Record in this action, as well as employees of said Outside Counsel or Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) ) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

        (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

      7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

        (a) ) the Receiving Party's Outside Counsel or Outside Counsel of Record in this action, as well as employees of said Outside Counsel or Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

        (c) ) the court and its personnel;

        (d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

        (e) ) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.[1]

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the

---

[1] "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed  to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of  a competitor of a Party or anticipated to become one.

preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) ) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion with the Magistrate Judge seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.      Intentionally Omitted.

9.      Intentionally Omitted.

10.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) ) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party

in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with
this litigation is protected by the remedies and relief provided by this Order. Nothing in these
provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a
Non-Party's confidential information in its possession, and the Party is subject to an agreement
with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that
some or all of the information requested is subject to a confidentiality agreement with a Non-
Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective
Order in this litigation, the relevant discovery request(s), and a reasonably specific description of
the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from the <u>court</u>
~~Magistrate~~ within 14 days of receiving the notice and accompanying information, the Receiving
Party may  produce the Non-Party's confidential information responsive to the discovery
request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce
any information  in its possession or control that is subject to the confidentiality agreement with
the Non-Party  before a determination by the court. Absent a court order to the contrary, the
Non-Party shall  bear the burden and expense of seeking protection in this court of its Protected
Material.

12.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
Material to any person or in any circumstance not authorized under this Stipulated Protective
Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of  its own documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14.     MISCELLANEOUS

14.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future or the court's ability to enter appropriate orders under the Federal Rules of Civil Procedure or the Local Rules of Pracice for the District of Colorado.

14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    <u>Filing Protected Material</u>.  To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other documents or papers to be filed with the Court include information which has been designated CONFIDENTIAL or Attorneys' Eyes Only Material, the party desiring to file such materials must submit those materials as restricted documents pursuant to the provisions of D.COLO.LCivR 7.2(D)<u>, and must address all factors required for restriction pursuant to</u> D.COLO.LCivR 7.2(C). The  papers or any portion or attachment thereof which are to be filed as restricted documents shall be  filed pursuant to the procedures for sealed electronic filings under the Court's ECF/CM  procedures. To the extent that any sealed material is filed in a non-electronic form, the filing  party shall submit the material to the Clerk of Court in an envelope marked "SEALED" with a  reference to this Order on the envelope. As required by D.COLO.LCivR 7.2(B) & (~~D~~E), the party  that originally designated such material pursuant to this Order as CONFIDENTIAL or Attorneys' Eyes Only Material shall, within ~~fourteen~~seven (1~~4~~7) days of the filing of restricted documents, file an  appropriate motion to restrict access (including therein a statement that the documents have been  marked CONFIDENTIAL or Attorneys' Eyes Only Material), and a proposed order for the Court  to restrict public access to the documents.  <u>Nothing in this Order requires the court to restrict any document, including but not limited to agreement by the Parties to restrict.</u>

15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each

Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the  Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has   not retained any copies, abstracts, compilations, summaries or any other format reproducing or  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work  product, and consultant and expert work product, even if such materials contain Protected  Material. Any such archival copies that contain or constitute Protected Material remain subject to   this Protective Order as set forth in Section 4 (DURATION).

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  August 11, 2015         s/ Nina Y. Wang_____
                                ~~Marcia S. Krieger~~ Nina Y. Wang
                                United States ~~District Court~~ Magistrate Judge

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: July 23, 2015                    **/s/  Scott T. Kannady**
                                        Scott T. Kannady, No. 29995
                                        Laura E. Liss, No. 44978  Brown
                                        & Kannady, LLC
                                        2000 S. Colorado Blvd., Suite 2-610
                                        Denver, CO 80222
                                        Phone:  (303) 757-3800
                                        Fax:  (303) 757-3815
                                        E-mail: scott@brownlegal.com  E-
                                        mail: laura@brownlegal.com

                                        Attorneys for Plaintiffs  BISON
                                        DESIGNS, LLC


DATED: July 23, 2015                    **/s/  Susan Meyer**
                                        Susan Meyer, No. 204931
                                        smeyer@gordonrees.com
                                        Gordon & Rees LLP
                                        555 Seventeenth Street, Suite 3400
                                        Denver, CO  80202
                                          (303) 534-5160

                                        Craig J. Mariam, Esq.
                                        cmariam@gordonrees.com
                                        Brittany L. McCarthy, Esq.
                                        bmccarthy@gordonrees.com
                                        GORDON & REES LLP
                                        633 West 5th Street, 52nd Floor  Los
                                        Angeles, California 90071

                                        Attorneys for Defendants  LEJON
                                        OF CALIFORNIA, INC.

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I,_____[print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado on May     , 2015 in the case of *Bison Designs LLC v. Lejon of California, Inc.* Case No. 14-cv-02885-MSK-NYW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____[print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
          [printed name]

Signature: _____
         [signature]